# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **L.H.-1**

**No. 19-0695** (Kanawha County 18-JA-622)

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father R.H., by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's July 24, 2019, order terminating his parental rights to L.H.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to afford him an improvement period and in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2018, the DHHR filed a child abuse and neglect petition against petitioner and the mother after the mother was observed injecting substances into her intravenous port at the hospital following the birth of L.H.-2. The petition indicated that L.H.-1 was in the custody of petitioner because the mother's parental rights to that child had previously been terminated and that he was believed to be the father of L.H.-2.[2] The DHHR further indicated that, upon investigating the situation, petitioner refused to speak with Child Protective Services ("CPS")

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Because the child at issue and her half-sibling share the same initials, we will refer to them as L.H.-1 and L.H.-2, respectively, throughout this memorandum decision.

[2]Petitioner was considered a nonabusing parent in the prior proceedings against the mother.

1

workers. Lastly, the DHHR alleged that petitioner failed to provide the children with the necessary food, clothing, supervision, housing, and financial support.

The circuit court held the adjudicatory hearing over several days between December of 2018 and May of 2019.[3] In March of 2019, the DHHR filed an amended petition against petitioner alleging that he was incarcerated in federal prison and abandoned the child "by continuing to engage in criminal activity which keeps him from being a parent to her."[4] Ultimately, the circuit court adjudicated petitioner as an abusing parent based upon findings that he abandoned the child and failed to provide physical, emotional, psychological, or financial support to the child.

In June of 2019, the circuit court held a dispositional hearing. A CPS worker testified that petitioner had been a habitual criminal "since before [L.H.-1] was even born." According to the CPS worker, petitioner left the child with his mother for nearly three years and provided no support to her. The CPS worker also noted that petitioner had been incarcerated for the majority of the proceedings. During arguments, the guardian noted that petitioner "has done nothing for this child" and might have "seen her a few times," but did not care for the child. After the close of evidence, the circuit court found that the DHHR attempted to provide petitioner with remedial and reunification services, but that his criminal activity and successive incarcerations prevented him from participating and that he had not responded or followed through with the family case plan. The circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that he could correct the conditions of abuse and/or neglect in the near future and that termination was necessary for the child's welfare. It is from the July 24, 2019, dispositional order that petitioner appeals.[5]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing

---

[3]The adjudicatory hearing was continued several times to allow for paternity testing of L.H.-2. The results revealed that petitioner was not the father of L.H.-2, and an amended petition was filed to add her unknown father to the proceedings. Accordingly, L.H.-2 is not at issue on appeal.

[4]The record is unclear regarding petitioner's conviction. In his brief on appeal, petitioner claims that his "incarceration during the proceeding was not due to a violent crime or drug charge." Petitioner claims that he was incarcerated due to an absconding charge after he did not report to a halfway house upon being released into a rehabilitation program. However, petitioner does not divulge information regarding his original criminal charge and subsequent conviction.

[5]The mother's parental rights to L.H.-1 were previously terminated in 2017. Her parental rights to L.H.-2 were terminated in the proceedings below. The parental rights of L.H-2's unknown father were also terminated below.

court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in not affording him an improvement period. According to petitioner, his ability to contact the DHHR or his family was limited due to his incarceration. Petitioner contends that prior to February of 2018, he provided financially for the child by giving money to the grandmother who cared for the child. Petitioner also claims that he was undergoing "substance abuse rehabilitation throughout the course" of the child's life so that he could better provide for her "upon completion of such a program." Petitioner contends that improvement periods are an opportunity for a parent to modify his/her behavior so as to correct the conditions of abuse and neglect and that the circuit court erred in not affording him the same. We disagree.

Pursuant to West Virginia Code § 49-4-610(2)(A) and (B), a circuit court may grant a respondent parent a post-adjudicatory improvement period when the parent (1) files a written motion requesting an improvement period and (2) demonstrates by clear and convincing evidence that he/she is likely to fully participate in an improvement period. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

Having reviewed the record, we find that the circuit court did not abuse its discretion in not affording petitioner an improvement period. The record is clear that petitioner never asked for an improvement period. Petitioner cites to no portion of the record demonstrating that he filed a written motion requesting an improvement period or that he made an oral motion requesting the same. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, we find that petitioner is entitled to no relief in this regard.

Petitioner next assigns as error the termination of his parental rights. Petitioner claims that because he was a nonabusing parent in the prior child abuse and neglect proceedings against the mother and had legal custody of the child, "he was a fit and adequate parent." According to petitioner, he attempted to contact the DHHR to the best of his ability and would have been willing to participate in any services offered by the DHHR. Petitioner argues that the circuit court erred in terminating his parental rights without first granting him the opportunity to participate in an improvement period.

However, petitioner failed to cite to a single case or to the appendix record in support of his assertion that the circuit court erred in terminating his parental rights. These failures are in direct contradiction of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requiring that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Because petitioner's brief with regard to this assertion is woefully inadequate and entirely fails to comply with Rule 10(c)(7) of the Rules of Appellate Procedure, we decline to address it on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 24, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison